IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGARITA JUAREZ,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>STATE OF UTAH DEPARTMENT OF HEALTH - FAMILY DENTAL PLAN, ANDREA HIGHT, and ERICA VEKTER,<br><br>Defendants. | ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION<br><br><br><br>Case No. 2:05CV0053PGC |

In this Title VII employment discrimination case, defendants, the Department of Health of the State of Utah, Family Dental Plan, Andrea Hight, and Erica Vekter (collectively "Family Dental"), have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff Margarita Juarez's second cause of action (Disparate Treatment). Family Dental argues that Juarez's second cause of action "fails to state the proper legal elements in support of her claim that she has suffered 'Disparate Treatment' by the Defendant and thus . . . fails as a matter of law."[1] The court finds that the complaint satisfies Rule 8's liberal pleading standard and therefore DENIES defendants' motion.

---

[1]Def.'s Mot. to Dismiss Pl.'s Second Cause of Action, at 1 (May 30, 2006).

## **BACKGROUND**

This case involves Ms. Juarez's allegations that employees of Family Dental sexually harassed her and also discriminated against her because she is Hispanic. Familiarity with the court's prior orders — including the court's order denying Family Dental's motion for a more definite statement[2] — is presumed.

## **RULE 12(b)(6) STANDARD**

A court should grant a motion to dismiss under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff."[3] When considering a Rule 12(b)(6) motion, the "court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted."[4] Some claims, like those "involving state of mind (e.g., intent) are often unsuitable for a Rule 12(b)(6) motion to dismiss."[5]

---

[2]Docket No. 12.

[3]*Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)).

[4]*Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[5]*Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 565 (3d Cir. 2002) (reversing Rule 12(b)(6) dismissal of a 42 U.S.C § 2000d claim that failed to allege intent to discriminate and noting that orders granting 12(b)(6) motions on "purposeful discrimination" claims are rarely upheld).

I.      **The Allegations of Disparate Treatment in Juarez's Complaint Satisfy Rule 8(a)'s Pleading Standard.**

The type of discrimination alleged in Juarez's second cause of action — disparate treatment — "is the most easily understood type of discrimination."[6]  A claim of disparate treatment under Title VII "embodies a situation where 'the employer simply treats some people less favorably than others because of their race, color, religion, or national origin.'"[7]  Liability in such a case "depends on whether the protected trait actually motivated the employer's decision."[8]  But when *pleading* a disparate treatment claim, a plaintiff need not allege "specific facts establishing a prima facie case of discrimination" to survive a motion to dismiss.[9]  In other words, employment discrimination claims are not subject to a heightened pleading standard and "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[10]

In *Swierkiewicz v. Sorema N.A.*, a native of Hungary filed suit under Title VII, alleging he was fired because of his national origin.[11]  The district court dismissed his claim, finding he had

---

[6]*Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (quotations and alterations omitted).

[7]*Coe v. Yellow Freight Sys., Inc.*, 646 F.2d 444, 448 (10th Cir. 1981) (quoting *Intl. Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)).

[8]*Raytheon*, 540 U.S. at 52 (quotation, alteration omitted).

[9]*Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 (2002); *see also United States v. Gustin-Bacon*, 436 F.2d 539, 542 (10th 1970) (holding that a complaint under Title VII is not required to "contain facts which are pleaded in greater detail and with more specificity than required by Rule 8(a)" of the Federal Rules of Civil Procedure.)

[10]*Swierkiewicz*, 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2)).

[11]*Id.* at 509.

failed to "adequately allege a prima facie case, in that he ha[d] not adequately alleged circumstances that support an inference of discrimination."[12]  After the Second Circuit affirmed, the Supreme Court unanimously reversed and held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination."[13]  The Court found that the plaintiff's Title VII complaint in that case, which pleaded "the events leading up to [petitioner's] termination" and the "nationalities of at least some of the relevant persons involved with his termination," "easily" satisfied Rule 8(a) and stated "claims upon which relief could be granted under Title VII."[14]

Here, Family Dental argues that Juarez's second claim should be dismissed because it does not "allege the appropriate elements necessary in support of a prima facie case" of disparate treatment.  Specifically, Family Dental argues that Juarez does not allege "that she belongs to a protected class"and thus fails to state a cognizable claim under Title VII.  This is simply incorrect.  The "Factual Allegations" section of Juarez's complaint alleges that defendants discouraged her from filing a lawsuit because "she is Hispanic and nobody will believe what a Hispanic had to say, as opposed to the white doctors and the white staff in the office."[15]  She also alleges that she was "told to work on her English, or not to speak, because nobody could stand

---

[12]*Id.*

[13]*Id.* at 515.

[14]*Id.* at 514–15.

[15]Compl. ¶ 56.

listening to her poor English"[16] and that these comments were made only after she complained of sexual harassment.[17]  Juarez "realleged" and incorporated these factual allegations into her disparate treatment cause of action[18] as Rule 10(c) of the Federal Rules of Civil Procedure permits.[19]

      Accepting the allegations in the complaint as true and construing them in the light most favorable to Juarez, the court holds that Juarez's second cause of action sufficiently alleges that she belongs to a protected class under Title VII.[20]  And a reasonable inference from the facts alleged in her complaint is that Juarez was treated differently because she is Hispanic.  As noted above, Title VII protects any employee discriminated against "on the basis of race or national origin."  The Tenth Circuit recently noted that discrimination "against Hispanics can be characterized as being based on either race or national origin" for Title VII purposes.[21]  Juarez's complaint thus satisfies this standard.

---

[16]*Id.* ¶ 58.

[17]*Id.* ¶ 59.

[18]*Id.* ¶ 73.

[19]Fed. R. Civ. P. 10(c) (allowing statements "in a pleading" to "be adopted by reference in a different part of the same pleading…").

[20]As noted in a previous order from this court, Juarez's second cause of action satisfies Rule 8(a) because it is "detailed enough" for Family Dental to frame a responsive pleading. *See* Order Granting 12(b)(6) Mot. on State Claims, Doc. 12, at 12 (Apr. 7, 2005).

[21]*Maldonado v. City of Altus*, 433 F.3d 1294, 1303 (10th Cir. 2006).

**CONCLUSION**

Because she properly alleged protected class status, Juarez's complaint satisfies Rule 8(a)'s pleading standard and states a disparate treatment claim under Title VII.  Additionally, a Rule 12 (b)(6) motion is "unsuitable" here because disparate treatment involves a state-of-mind determination (i.e., the employer's intent to discriminate).[22]  The court therefore DENIES Family Dental's motion to dismiss Juarez's second cause of action (# 56)

   SO ORDERED.

   DATED this 18th day of July, 2006.

      BY THE COURT:

      _____
      Paul G. Cassell
      United States District Court Judge

---

[22]*See Pryor,* 288 F.3d at 565.